UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Judgment Creditor,

v.

ARIFUL HAQUE,

        Judgment Debtor,

and

EMPOWER, HR ANSWERS, and ROBINHOOD,

        Garnishees.

19 CR 667-2 (VSB)

**FINAL ORDER OF GARNISHMENT**

---

    WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served writs of garnishment on the garnishees, EMPOWER, HR ANSWERS, and ROBINHOOD, for substantial nonexempt property belonging to or due the judgment debtor, ARIFUL HAQUE (Dkts. 184-87 and 192);

    WHEREAS, on November 7, 2024, ROBINHOOD MARKETS, INC. filed an Answer of the Garnishee (Dkt. 190) with the Court and served a copy of it on the Government and the judgment debtor in compliance with 28 U.S.C. § 3205(c)(4) showing that it holds one brokerage account number ending in 5159 with an approximate value of $131,866, subject to market fluctuation, belonging to ARIFUL HAQUE;

    WHEREAS, on November 7, 2024, EMPOWER filed an Answer of the Garnishee (Dkt. 191) with the Court and served a copy of it on the Government and the judgment debtor in compliance with 28 U.S.C. § 3205(c)(4) showing that it holds a JPMorgan Chase 401(k) Savings

Plan account with an approximate value of $9,788, subject to market fluctuation, belonging to ARIFUL HAQUE;

WHEREAS, pursuant to 26 U.S.C. § 401(k)(2)(b)(i)(I), contributions to qualified tax savings cash deferment plans become distributable to participants upon severance of employment, and ARIFUL HAQUE ended his employment with JP Morgan Chase in 2013 (Dkt. 85, ¶ 103);

WHEREAS garnishee HR ANSWERS has not filed an Answer of the Garnishee, but the Government understands that it does not hold any property of the judgment debtor;

WHEREAS, in compliance with 28 U.S.C. § 3202(c), the Government served the judgment debtor, ARIFUL HAQUE, with the garnishment process more than 90 days ago (Dkt. 192);

WHEREAS the FDCPA requires the judgment debtor to file a claim for exemption, objection to the garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing by or on behalf of the judgment debtor;

WHEREAS the judgment debtor still owes $466,638.44 in restitution to the victims of his crime; and

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after a garnishee files an answer and if no hearing is requested within the required time period, the Court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in the property held by the garnishee;

IT IS HEREBY ORDERED that the garnishees, ROBINHOOD MARKETS, INC. and EMPOWER, shall liquidate securities as needed to pay to the Clerk of Court within 15 days from the date of this order the full liquidated value of each account in the garnishee's possession, custody, or control belonging to or due the judgment debtor, ARIFUL HAQUE, less any deductions required by law, with no withdrawal penalty. *See* 18 U.S.C. § 3613; *United States v.*

*Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the Government to garnish retirement funds to satisfy a restitution order); *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal); *United States v. National Bank of Commerce*, 472 U.S. 713, 725 (1985) (the Government may make an election on the debtor's behalf when he is eligible for a distribution but has not elected to receive one).

Payments should be made to "Clerk of Court" with "No. 19 CR 0677-02" written on the face of each payment and mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

Dated: New York, New York
          February 7   , 2025

_____
UNITED STATES DISTRICT JUDGE